An action against a physician for negligent treatment of a patient is "an action to recover damages for a personal injury resulting from negligence," within Code Civil Proc. N. Y. § 383, subd. 5, providing that such actions must be brought within three years, though the physician was treating the patient under a contract.

 Appeal from circuit court, Livingston county.

 Action by Mary Burrell against Wooster B. Preston. A nonsuit was directed, and plaintiff appeals.

 Argued before BARKER, P. J., and DWIGHT and MACOMBER, JJ.

 *J. A. VanDerlip,* for appellant. *Fred W. Noyes,* for respondent.

 MACOMBER, J. The case contains a judgment and notice of appeal therefrom, although it is also stated that the exceptions taken at the trial were ordered to be heard at the general term in the first instance. Under these circumstances we must treat as controlling in respect to the practice the judgment and the notice of appeal. The action is for damages for personal injuries received by the plaintiff through the negligence of the defendant. The answer, among other things, alleges that the action was not brought within the three years next succeeding the alleged injuries, which were received in the month of November, 1881, and that consequently the action is barred by the three-year statute of limitations. The counsel for the appellant argues, quite against the plain utterances of the Code of Civil Procedure, as it seems to us, that, inasmuch as the relation existing between the patient and the doctor was by virtue of a contract existing between them, on the one side to render services, and on the other to pay for the same, the six-year statute of limitations is alone applicable. It is true that negligence in this, as in all other cases arising incidentally between parties who have contract relations with each other, is in some sort a breach of contract; but this by no means relieves the parties from the operation of the provisions of the statutes of limitations, which are designed to limit the right of action in case of negligence to three years, whether the negligence was caused by a party having any duty to perform to the other or not. Subdivision 5 of the three-year statute (Code, § 383) is: "An action to recover damages for a personal injury resulting from negligence." It contains no qualification or limitation of cases where the negligence is caused by a person who has agreed by contract to do a certain thing in behalf of the party injured. The judgment should be affirmed. All concur.

---

### YATES *v.* GUTHRIE.

*(Supreme Court, General Term, Fifth Department.* October 19, 1889.)

JUDGMENT—DEFAULT—SERVICE OF ANSWER.

 On a motion to set aside a judgment by default it was insisted that on the last day for answering, March 26th, the answer addressed to plaintiff's attorney was served as authorized by Code Civil Proc. N. Y. § 797, by being placed in the post-office at Caledonia directed to plaintiff's attorney at Rochester, and affidavits of defendant and his attorney stating that such was their recollection were filed. The envelope in which the answer was sent was postmarked at Caledonia "March 26." The postmaster at Rochester testified that it could not have been mailed on March 26th, as it appeared by the postmark, of his office, that it was not received there until March 28th. Plaintiff's attorney made affidavit that early in the morning of March 27th he received mail matter postmarked at Caledonia on March 26th. *Held,* that an order refusing to set the judgment aside would not be disturbed.

 Appeal from special term, Monroe county.

 Action by Arthur G. Yates against James J. Guthrie. A judgment was entered against defendant by default, and from an order denying a motion to set the judgment aside defendant appeals.

Argued before BARKER, P. J., and DWIGHT and MACOMBER, JJ.
*William J. Byam,* for appellant.    *Earl B. Putnam,* for respondent.

MACOMBER, J.  The learned judge at the special term, while denying the defendant's motion to set aside the judgment and execution, opened the case so as to permit the defendant's proposed answer to stand, and the case to be tried upon the merits; and, apparently, by consent of both sides, so far as this part of the order is concerned, granted an order of reference.  The last day for answering was the ` 26th day of March, 1889.  The affidavits of the defendant and his attorney are measurably positive that the answer which had been prepared was mailed upon that day by the attorney at the village of Caledonia, properly addressed to the plaintiff's attorneys.  In corroboration of this, the envelope thereof with the postmark clearly indicating the words and figures, "March 26," is produced.  In opposition to these facts there appears a strong affidavit by the assistant postmaster at Rochester to the effect that such mailing could not have taken place on the 26th of March, inasmuch as it was equally clear by the postmark at Rochester that the letter was not received at Rochester until the 28th.  One of the plaintiff's attorneys also testifies that he received, early in the morning of the 27th, mail matter from Caledonia that was mailed on the 26th.  The rule is unquestioned that the party addressed takes the hazards of the mail, and that, if an answer is actually deposited in the post-office within the time limited by the statute, the service is sufficient.  Yet we are not bound by the appearance of the postmark upon an envelope; for it is not incredible that in the small uncommercial districts there is not that carefulness in changing the stamps that prevails in larger towns.  The affidavits of the defendant and his attorney cannot be deemed to be conclusive upon this matter, for the reason that they speak only from recollection; hence it is that the judge at special term might well entertain doubts as to the principal fact involved in the motion, and, so entertaining them, he seems to have. made a proper disposition of the motion.  The order should be affirmed with $10 costs, and disbursements.  All concur.